IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NATALIA VOLKOVA, Individually and as Trustee of the ESTATE OF ALEXANDRE VOLKOV, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No.: 16 – CV - 1883 |
| v. | ) ) ) | |
| C.H. ROBINSON COMPANY, C.H. ROBINSON COMPANY, INC., C.H. ROBINSON WORLDWIDE, INC., C.H. ROBINSON INTERNATIONAL, INC., DUNG QUOC NGUYEN, Individually and d/b/a ANTIOCH TRANSPORT INC., and ANTIOCH TRANSPORT INC. | ) ) ) ) ) ) ) ) ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | ) ) | |

## COMPLAINT

NOW COMES the Plaintiff, NATALIA VOLKOVA, Individually and as Trustee of the

ESTATE OF ALEXANDRE VOLKOV, deceased, by her attorneys, PARENTE & NOREM, P.C.,

and hereby alleges the following as her Complaint:

## PARTIES

1.     The Plaintiff, the Estate of ALEXANDRE VOLKOV (deceased), is an Estate which

has been duly opened, and is now pending, in the Superior Court of Justice at Oshawa, Ontario,

Canada (Court File No.: 55539/15).

2.     NATALIA VOLKOVA, is an adult resident of the Province of Ontario, Canada,

currently residing at 1211 Ridgemount Boulevard, Oshawa, Ontario, Canada L1K2S9. NATALIA

VOLKOVA is the duly appointed Trustee of the Estate of ALEXANDRE VOLKOV (her

husband).  Attached hereto and incorporated herein by reference are copies of her appointment as

Trustee, a certified copy of which has been filed with this Court. In addition to

NATALIA VOLKOVA, ALEXANDRE VOLKOV is survived by two daughters, Julia Volkova, and Victoria Volkova.

3.     Upon information and belief, defendant C.H. ROBINSON COMPANY, is a foreign corporation, doing substantial business in the State of Illinois, whose principal place of business is located at 14701 Charlson Road, Eden Prairie, MN 55347-5076, and whose registered agent in Illinois for service of process is "Illinois Corporation Service C" located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

4.     Upon information and belief, defendant C.H. ROBINSON COMPANY, INC., is a foreign corporation, doing substantial business in the State of Illinois, whose principal place of business is located at 14701 Charlson Road, Eden Prairie, MN 55347-5076, and whose registered agent in Illinois for service of process is "Illinois Corporation Service C" located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.     Upon information and belief, defendant C.H. ROBINSON WORLDWIDE, INC., is a foreign corporation, doing substantial business in the State of Illinois, whose principal place of business is located at 14701 Charlson Road, Eden Prairie, MN 55347-5076, and whose registered agent in Illinois for service of process is "Illinois Corporation Service C" located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

6.     Upon information and belief, defendant C.H. ROBINSON INTERNATIONAL, INC., is a foreign corporation, doing substantial business in the State of Illinois, whose principal place of business is located at 14701 Charlson Road, Eden Prairie, MN 55347-5076, and whose registered agent in Illinois for service of process is "Illinois Corporation Service C" located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

7.     Upon information and belief, defendant DUNG QUOC NGUYEN, d/b/a ANTIOCH TRANSPORT INC., is a foreign corporation, doing substantial business in the State of Illinois, whose principal office is located at 2869 Morro Drive, Antioch, CA 94531. Upon information and belief, DUNG QUOC NGUYEN, d/b/a ANTIOCH TRANSPORT INC. does not have an agent in Illinois for service of process.

## JURISDICTION AND VENUE

8.     This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§1332(a)(2) because the plaintiff is an alien, citizen of Canada, and the defendants are citizens of different states of the United States of America, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

9.     This Court has personal jurisdiction over the Defendants because, at all times material hereto, they transacted business in the State of Illinois.

10.     Venue is proper in the judicial district pursuant to 28 U.S.C.§1391 because a substantial part of the events giving rise to the Plaintiff's claims occurred in this district and because Defendants transacted business in this district.

## FACTS COMMON TO ALL CLAIMS

11.     That on or before August 7, 2014, the C.H. ROBINSON Defendants (referred to collectively) entered into a carrier contract with Defendant ANTIOCH TRANSPORT INC. to move produce from the west coast to the east coast and designated said shipment as "critical."

12.     This "critical" shipment designation in the C.H. ROBINSON Defendants' (referred to collectively) carrier agreement required Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. to:

   a. Call the C.H. ROBINSON Defendants (referred to collectively) with any issues 24 hours a day, 7 days a week;

    b.   Report damages or case count discrepancies upon loading;

    c.   Update load status daily by 10:00 a.m. (EST) or face a $50.00. fine;

    d.   Provide C.H. ROBINSON Defendants (referred to collectively) daily, in-transit, tracking updates every 4 hours until the shipment is delivered;

    e.   Set refrigerated trailer temperature to 35° F. continuous;

    f.   Maintain delivery status timely or face a $200.00 fine;

    g.   Maintain a vehicle that has satellite, cell-phone and/or other technology capable of frequent two-way communication with C.H. ROBINSON Defendants (referred to collectively);

    h.   Maintain a chute and pulp all product upon loading;

    i.   Not break or remove any trailer seals applied at loading without the prior written consent of C.H. ROBINSON Defendants (referred to collectively);

    j.   Furnish TRU equipment in compliance with the State of California Emission laws;

    k.   Handle and/or count the shipment at each stop;

    l.   Ensure that a temperature recorder is placed on each load of produce;

    m.  Provide their motor vehicle equipment and trailer for the "exclusive use" of the C.H. ROBINSON Defendants (referred to collectively) while transporting the subject produce;

    n.   Call and obtain load requirements from the C.H. ROBINSON Defendants (referred to collectively) before arriving at each shipper.

    13.    That on or about August 10, 2014, at or around 3:56 a.m. (CST), DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating a certain tractor trailer, traveling in an easterly direction along and upon Interstate 80, near mile post 95, in the Township of Rutland, County of LaSalle, State of Illinois, transporting said produce.

14. That subsequent thereto, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., upon information and belief, fell asleep and crossed over the median, and entered the west bound traffic lanes of Interstate 80, at or near mile post 95, in the Township of Rutland, County of LaSalle, State of Illinois.

15. That subsequent thereto, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., attempted to make a "u-turn" on Interstate 80, at or near mile post 95, and as a result blocked all west bound traffic lanes of Interstate 80, at or near mile post 95, in a perpendicular fashion, such that the tractor's headlights and the trailer's tail lights were not visible to oncoming west bound Interstate 80 traffic.

16. That at the aforementioned date and time, ALEXANDRE VOLKOV was operating a certain tractor trailer, traveling in a westerly direction along and upon Interstate 80, near mile post 95, in the Township of Rutland, County of LaSalle, State of Illinois.

17. That, at the aforementioned time and place, the tractor trailer operated by ALEXANDRE VOLKOV unavoidably crashed into the side of the tractor trailer operated by Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., with great force and violence, because said tractor trailer was blocking all lanes of travel in a perpendicular fashion, at nighttime.

18. As a result of the collision, ALEXANDRE VOLKOV suffered severe and permanent injuries, and caused to incur substantial medical expenses, pain and suffering, horror, mental anguish, emotional distress, and untimely death.

19. As a result of the death of ALEXANDRE VOLKOV, the Estate of ALEXANDRE VOLKOV has incurred damages in the form of medical, hospital, funeral and burial expenses, and in the form of pain, suffering horror, mental anguish, and emotional distress

suffered by ALEXANDRE VOLKOV before his death. Furthermore, the surviving spouse of ALEXANDRE VOLKOV, NATALIA VOLKOVA, and two daughters, daughters, Julia Volkova, and Victoria Volkova, have suffered a loss of society and companionship, pecuniary damages in the form of loss of support, and caused to endure substantial sorrow, grief, and mental suffering.

**COUNT I**
**NEGLIGENCE- AUTOMOBILE COLLISION/SURVIVAL ACTION VS. DUNG**
**QUOC NGUYEN, individually, and DUNG QUOC NGUYEN d/b/a ANTIOCH**
**TRANSPORT INC.**

20.    That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

21.    That at all times relevant, Defendant DUNG QUOC NGUYEN, individually, and DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others, including Plaintiff.

22.    That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant DUNG QUOC NGUYEN, individually, and DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

> a.    Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);
>
> b.    Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);
>
> c.    Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

d. Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

e. Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

f. Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

g. Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

h. Falsified his log book to allow him to drive hours in excess of those allowed by law;

i. Drove hours in excess of those allowed by law.

23. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant DUNG QUOC NGUYEN, individually, and DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

24. Had he survived, ALEXANDRE VOLKOV, deceased, would have been entitled to bring this cause of action on his own behalf and this action survives him pursuant to 755 Illinois Complied Statutes 5/27-6.

## COUNT II
## WRONGFUL DEATH VS. DUNG QUOC NGUYEN, individually, and DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC.

25.     That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

26.     That at all times relevant, Defendant DUNG QUOC NGUYEN, individually, and DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others, including Plaintiff.

27.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant DUNG QUOC NGUYEN, individually, and DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

    a.  Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

    b.  Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

    c.  Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

    d.  Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

    e.  Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

    f.  Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

g.  Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

h.  Falsified his log book to allow him to drive hours in excess of those allowed by law;

i.  Drove hours in excess of those allowed by law.

28.  That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant DUNG QUOC NGUYEN, individually, and DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

29.  That ALEXANDRE VOLKOV left surviving as his heir and next of kin, NATALIA VOLKOVA, his wife, as well as two daughters, Julia Volkova, and Victoria Volkova, who were caused to sustain pecuniary loss as a result of ALEXANDRE VOLKOV's death including a loss of love, guidance, affection, support, companionship, society, and caused them to endure substantial sorrow, grief, and mental suffering.

30.  Plaintiff, NATALIA VOLKOVA, as Trustee of the ESTATE OF ALEXANDRE VOLKOV, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 et seq., commonly known as the Wrongful Death Act.

## COUNT III
## NEGLIGENCE- AUTOMOBILE COLLISION/SURVIVAL ACTION VS. ANTIOCH TRANSPORT INC.

31.  That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

32.     That at all times relevant herein, the tractor trailer being operated by Defendant DUNG QUOC NGUYEN was owned and/or leased by Defendant ANTIOCH TRANSPORT INC.

33.     That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant ANTIOCH TRANSPORT INC., as its agent, employee, and/or servant.

34.     That Defendant ANTIOCH TRANSPORT INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN, then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

35.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant ANTIOCH TRANSPORT INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN, then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

    a.   Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

    b.   Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

    c.   Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

    d.   Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

    e.   Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

f.  Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

g.  Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

h.  Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

i.  Failed to monitor its agent DUNG QUOC NGUYEN on hours of service violations;

j.  Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

36.    That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

37.    Had he survived, ALEXANDRE VOLKOV, deceased, would have been entitled to bring this cause of action on his own behalf and this action survives him pursuant to 755 Illinois Complied Statutes 5/27-6.

### COUNT IV
### WRONGFUL DEATH VS. ANTIOCH TRANSPORT INC.

38.    That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

39.     That at all times relevant herein, the tractor trailer being operated by Defendant DUNG QUOC NGUYEN was owned and/or leased by Defendant ANTIOCH TRANSPORT INC.

40.     That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant ANTIOCH TRANSPORT INC., as its agent, employee, and/or servant.

41.     That Defendant ANTIOCH TRANSPORT INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN, then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

42.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant ANTIOCH TRANSPORT INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN, then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

     a.  Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

     b.  Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

     c.  Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

     d.  Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

     e.  Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

f.  Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

g.  Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

h.  Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

i.  Failed to monitor its agent DUNG QUOC NGUYEN on hours of service violations;

j.  Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

43.  That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

44.  That ALEXANDRE VOLKOV left surviving as his heir and next of kin, NATALIA VOLKOVA, his wife, as well as two daughters, Julia Volkova, and Victoria Volkova, who were caused to sustain pecuniary loss as a result of ALEXANDRE VOLKOV's death including a loss of love, guidance, affection, support, companionship, society, and caused them to endure substantial sorrow, grief, and mental suffering.

Plaintiff, NATALIA VOLKOVA, as Trustee of the ESTATE OF ALEXANDRE VOLKOV, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 et seq., commonly known as the Wrongful Death Act.

## COUNT V
## NEGLIGENCE- AUTOMOBILE COLLISION/SURVIVAL ACTION
## VS. C.H. ROBINSON COMPANY

45.     That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

46.     That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant C.H. ROBINSON COMPANY, as its agent, employee, and/or servant.

47.     That Defendant C.H. ROBINSON COMPANY, through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

48.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant C.H. ROBINSON COMPANY, through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

> a. Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);
>
> b. Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);
>
> c. Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

d. Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

e. Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

f. Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

g. Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

h. Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

i. Negligently supervising a driver while such driver was disqualified;

j. Negligently selected a driver while such driver was disqualified;

k. Retained a driver that was disqualified;

l. Failed to monitor its agent DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. on hours of service violations;

m. Violated its own standards in retaining a driver without the proper credentials to drive for C.H. ROBINSON COMPANY;

n. Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

49. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant C.H. ROBINSON COMPANY, through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

50.     Had he survived, ALEXANDRE VOLKOV, deceased, would have been entitled to bring this cause of action on his own behalf and this action survives him pursuant to 755 Illinois Complied Statutes 5/27-6.

## COUNT VI
## WRONGFUL DEATH VS. C.H. ROBINSON COMPANY

51.     That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

52.     That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant C.H. ROBINSON COMPANY, as its agent, employee, and/or servant.

53.     That Defendant C.H. ROBINSON COMPANY, through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

54.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant C.H. ROBINSON COMPANY, through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

      a.   Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

      b.   Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

c.  Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

d.  Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

e.  Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

f.  Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

g.  Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

h.  Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

i.  Negligently supervising a driver while such driver was disqualified;

j.  Negligently selected a driver while such driver was disqualified;

k.  Retained a driver that was disqualified;

l.  Failed to monitor its agent DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. on hours of service violations;

m.  Violated its own standards in retaining a driver without the proper credentials to drive for C.H. ROBINSON COMPANY;

n.  Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

55.     That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant C.H. ROBINSON COMPANY, through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and

suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

56.     That ALEXANDRE VOLKOV left surviving as his heir and next of kin, NATALIA VOLKOVA, his wife, as well as two daughters, Julia Volkova, and Victoria Volkova, who were caused to sustain pecuniary loss as a result of ALEXANDRE VOLKOV's death including a loss of love, guidance, affection, support, companionship, society, and caused them to endure substantial sorrow, grief, and mental suffering.

57.     Plaintiff, NATALIA VOLKOVA, as Trustee of the ESTATE OF ALEXANDRE VOLKOV, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 et seq., commonly known as the Wrongful Death Act.

### COUNT VII
### NEGLIGENCE- AUTOMOBILE COLLISION/SURVIVAL ACTION
### VS. C.H. ROBINSON COMPANY, INC.

58.     That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

59.     That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant C.H. ROBINSON COMPANY, INC., as its agent, employee, and/or servant.

60.     That Defendant C.H. ROBINSON COMPANY, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

61.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant C.H. ROBINSON COMPANY, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

a.  Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

b.  Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

c.  Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

d.  Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

e.  Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

f.  Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

g.  Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

h.  Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

i.  Negligently supervising a driver while such driver was disqualified;

j.  Negligently selected a driver while such driver was disqualified;

k.  Retained a driver that was disqualified;

l.  Failed to monitor its agent DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. on hours of service violations;

    m. Violated its own standards in retaining a driver without the proper credentials to drive for C.H. ROBINSON COMPANY, INC.;

    n. Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

62.    That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant C.H. ROBINSON COMPANY, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

63.    Had he survived, ALEXANDRE VOLKOV, deceased, would have been entitled to bring this cause of action on his own behalf and this action survives him pursuant to 755 Illinois Complied Statutes 5/27-6.

**COUNT VIII**
**WRONGFUL DEATH VS. C.H. ROBINSON COMPANY, INC.**

64.    That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

65.    That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant C.H. ROBINSON COMPANY, INC., as its agent, employee, and/or servant.

66.    That Defendant C.H. ROBINSON COMPANY, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT

INC., then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

67.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant C.H. ROBINSON COMPANY, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

    a.  Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

    b.  Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

    c.  Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

    d.  Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

    e.  Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

    f.  Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

    g.  Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

    h.  Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

    i.  Negligently supervising a driver while such driver was disqualified;

    j.  Negligently selected a driver while such driver was disqualified;

    k.  Retained a driver that was disqualified;

l.  Failed to monitor its agent DUNG QUOC NGUYEN d/b/a ANTIOCH
TRANSPORT INC. on hours of service violations;

m.  Violated its own standards in retaining a driver without the proper credentials
to drive for C.H. ROBINSON COMPANY, INC.;

n.  Its agent drove hours in excess of those allowed by law in furtherance of his
duties to his principals.

68.     That as a direct and proximate result of one or more of the aforementioned acts
and/or omissions by Defendant C.H. ROBINSON COMPANY, INC., through its agent,
employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT
INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a
personal and pecuniary nature, which caused pain in body and mind, including conscious pain
and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was
killed on August 10, 2014 as described.

69.     That ALEXANDRE VOLKOV left surviving as his heir and next of kin,
NATALIA VOLKOVA, his wife, as well as two daughters, Julia Volkova, and Victoria
Volkova, who were caused to sustain pecuniary loss as a result of ALEXANDRE VOLKOV's
death including a loss of love, guidance, affection, support, companionship, society, and caused
them to endure substantial sorrow, grief, and mental suffering.

70.     Plaintiff, NATALIA VOLKOVA, as Trustee of the ESTATE OF ALEXANDRE
VOLKOV, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1
et seq., commonly known as the Wrongful Death Act.

## COUNT IX
## NEGLIGENCE- AUTOMOBILE COLLISION/SURVIVAL ACTION
## VS. C.H. ROBINSON WORLDWIDE, INC.

71.     That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

72.     That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant C.H. ROBINSON WORLDWIDE, INC., as its agent, employee, and/or servant.

73.     That Defendant C.H. ROBINSON WORLDWIDE, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

74.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant C.H. ROBINSON WORLDWIDE, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

  a.  Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

  b.  Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

  c.  Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

    d.   Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

    e.   Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

    f.   Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

    g.   Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

    h.   Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

    i.   Negligently supervising a driver while such driver was disqualified;

    j.   Negligently selected a driver while such driver was disqualified;

    k.   Retained a driver that was disqualified;

    l.   Failed to monitor its agent DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. on hours of service violations;

    m.   Violated its own standards in retaining a driver without the proper credentials to drive for C.H. ROBINSON WORLDWIDE, INC.;

    n.   Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

    75.    That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant C.H. ROBINSON WORLDWIDE, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

76.     Had he survived, ALEXANDRE VOLKOV, deceased, would have been entitled to bring this cause of action on his own behalf and this action survives him pursuant to 755 Illinois Complied Statutes 5/27-6.

## COUNT X
## WRONGFUL DEATH VS. C.H. ROBINSON WORLDWIDE, INC.

77.     That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

78.     That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant C.H. ROBINSON WORLDWIDE, INC., as its agent, employee, and/or servant.

79.     That Defendant C.H. ROBINSON WORLDWIDE, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/A ANTIOCH TRANSPORT INC., then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

80.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant C.H. ROBINSON WORLDWIDE, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

    a.    Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

    b.    Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

c. Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

d. Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

e. Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

f. Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

g. Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

h. Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

i. Negligently supervising a driver while such driver was disqualified;

j. Negligently selected a driver while such driver was disqualified;

k. Retained a driver that was disqualified;

l. Failed to monitor its agent DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. on hours of service violations;

m. Violated its own standards in retaining a driver without the proper credentials to drive for C.H. ROBINSON WORLDWIDE, INC.;

n. Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

81.     That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant C.H. ROBINSON WORLDWIDE, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain

and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

82.     That ALEXANDRE VOLKOV left surviving as his heir and next of kin, NATALIA VOLKOVA, his wife, as well as two daughters, Julia Volkova, and Victoria Volkova, who were caused to sustain pecuniary loss as a result of ALEXANDRE VOLKOV's death including a loss of love, guidance, affection, support, companionship, society, and caused them to endure substantial sorrow, grief, and mental suffering.

83.     Plaintiff, NATALIA VOLKOVA, as Trustee of the ESTATE OF ALEXANDRE VOLKOV, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 et seq., commonly known as the Wrongful Death Act.

**COUNT XI**
**NEGLIGENCE- AUTOMOBILE COLLISION/SURVIVAL ACTION**
**VS. C.H. ROBINSON INTERNATIONAL, INC.**

84.     That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

85.     That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant C.H. ROBINSON INTERNATIONAL, INC., as its agent, employee, and/or servant.

86.     That Defendant C.H. ROBINSON INTERNATIONAL, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

87.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant C.H. ROBINSON INTERNATIONAL, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

     a. Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

     b. Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

     c. Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

     d. Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

     e. Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

     f. Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

     g. Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

     h. Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

     i. Negligently supervising a driver while such driver was disqualified;

     j. Negligently selected a driver while such driver was disqualified;

     k. Retained a driver that was disqualified;

     l. Failed to monitor its agent DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. on hours of service violations;

m. Violated its own standards in retaining a driver without the proper credentials to drive for C.H. ROBINSON INTERNATIONAL, INC.;

n. Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

88. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant C.H. ROBINSON INTERNATIONAL, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

89. Had he survived, ALEXANDRE VOLKOV, deceased, would have been entitled to bring this cause of action on his own behalf and this action survives him pursuant to 755 Illinois Complied Statutes 5/27-6.

## COUNT XII
## WRONGFUL DEATH VS. C.H. ROBINSON INTERNATIONAL, INC.

90. That on January 21, 2016, NATALIA VOLKOVA, was appointed as TRUSTEE OF THE ESTATE OF ALEXANDRE VOLKOV, deceased, in the Superior Court of Justice at Oshawa, Ontario, Canada (Court File No.: 55539/15).

91. That on or about August 10, 2014, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant C.H. ROBINSON INTERNATIONAL, INC., as its agent, employee, and/or servant.

92. That Defendant C.H. ROBINSON INTERNATIONAL, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT

INC., then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

93.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant C.H. ROBINSON INTERNATIONAL, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

   a.   Operated the tractor trailer on the wrong side of Interstate 80 in violation of 625 ILCS 5/11-708(d);

   b.   Attempted a "u-turn" on Interstate 80 when it was unsafe to do so, in violation of 625 ILCS 5/11-802(a);

   c.   Operated the tractor trailer with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

   d.   Failed to keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

   e.   Operated said tractor trailer with a careless and negligent disregard for the safety of persons or property, contrary and in violation of 625 ILCS 5/11-503(a);

   f.   Operated said tractor trailer at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

   g.   Operated said tractor trailer so as to block all west bound Interstate 80 traffic lanes in a perpendicular fashion at nighttime, causing the tractor trailer operated by ALEXANDRE VOLKOV to unavoidably crash;

   h.   Its agent falsified his log book to allow him to drive hours in excess of those allowed by law in furtherance of his duties to his principals;

   i.   Negligently supervising a driver while such driver was disqualified;

   j.   Negligently selected a driver while such driver was disqualified;

   k.   Retained a driver that was disqualified;

l.   Failed to monitor its agent DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC. on hours of service violations;

m.   Violated its own standards in retaining a driver without the proper credentials to drive for C.H. ROBINSON INTERNATIONAL, INC.;

n.   Its agent drove hours in excess of those allowed by law in furtherance of his duties to his principals.

94.   That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant C.H. ROBINSON INTERNATIONAL, INC., through its agent, employee, and/or servant, Defendant DUNG QUOC NGUYEN d/b/a ANTIOCH TRANSPORT INC., ALEXANDRE VOLKOV suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, including conscious pain and suffering for fear of death, and as a result of said collision, ALEXANDRE VOLKOV was killed on August 10, 2014 as described.

95.   That ALEXANDRE VOLKOV left surviving as his heir and next of kin, NATALIA VOLKOVA, his wife, as well as two daughters, Julia Volkova, and Victoria Volkova, who were caused to sustain pecuniary loss as a result of ALEXANDRE VOLKOV's death including a loss of love, guidance, affection, support, companionship, society, and caused them to endure substantial sorrow, grief, and mental suffering.

96.   Plaintiff, NATALIA VOLKOVA, as Trustee of the ESTATE OF ALEXANDRE VOLKOV, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 et seq., commonly known as the Wrongful Death Act.

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

(a)      Compensatory damages for NATALIA VOLKOVA and her daughters arising out of the personal injuries and death suffered by her husband and daughters' father, ALEXANDRE VOLKOV;

(b)      Compensatory damages for the Estate of ALEXANDRE VOLKOV;

(j)      Cost and disbursements of this action; and

(k)      Any and all further relief, in law or equity, available to the Plaintiff.

PLEASE TAKE NOTICE THAT THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY IN THE ABOVE MATTER.

Dated this _1st_ day of _February_, 2016.

Respectfully submitted,

Christopher M. Norem
Attorney for Plaintiffs

Christopher M. Norem (IL State bar number 6237775/ also admitted to the Northern District of Illinois)
Jordan W. LaClair (IL State bar number 6309499/ also admitted to the Northern District of Illinois)

The Law Offices of
Parente & Norem, P.C.
221 N. LaSalle Street , 27th Floor
Chicago, Illinois 60601
(312) 641-5926-Phone
(312)641-5929-Facsimile
email: cn@pninjurylaw.com
        jl@pninjurylaw.com