IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATALIA VOLKOVA, individually )
and as Trustee of the Estate of Alexandre )
Volkov, deceased, )
     Plaintiff, )
  v. )  No. 16 C 1883
          )
C.H. ROBINSON COMPANY, et al., )  Judge Ronald A. Guzmán
     Defendants. )

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Robinson defendants' motion to dismiss certain claims [194] is granted.

## STATEMENT

The Court assumes general knowledge of the facts of the case, which was filed after the decedent's tractor-trailer crashed into another tractor-trailer, driven by defendant Dung Quoc Nguyen, who was making a U-turn in the middle of the highway. Plaintiff's second amended complaint ("SAC") alleges in part that Defendants C.H. Robinson Company, Inc. and C.H. Robinson Worldwide, Inc. (collectively, "Robinson") negligently hired Antioch Transport, Inc. and its driver, Nguyen.

According to the SAC, Robinson is a federally-registered property broker, while Antioch is a federally-authorized motor carrier. (SAC, Dkt. # 191, ¶¶ 10, 36.) Robinson selects and contracts with motor carriers (in this instance, Antioch) to haul freight shipments for its customers. (*Id.* ¶¶ 35-36, 48.) Plaintiff alleges that Robinson is liable for failing to perform sufficient investigation and evaluation in hiring Antioch and Nguyen to transport the load at issue. (*Id.* ¶¶ 38, 40-43, 176.)

Robinson contends in the instant motion to dismiss that the negligent hiring claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").[1]

**Standard**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes all factual allegations in the complaint to be true, viewing all facts and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

**Analysis**

To succeed on a cause of action regarding the negligent hiring, Plaintiff must show that Robinson negligently hired Antioch and Nguyen when Robinson knew or should have known that they were "unfit for the required contracted job so as to create a danger of harm to other third parties." *Hayward v. C.H. Robinson Co.*, 24 N.E.3d 48, 55 (Ill. App. Ct. 2014).

Under the relevant provision of the FAAAA:

---

[1] The preemption-clause language in the FAAAA is informed by decisions interpreting parallel language in the preemption provision of the Airline Deregulation Act of 1978 ("ADA"). *Dan's City Used Cars, Inc. v. Pelkey*, 133 S. Ct. 1769, 1778 (2013). The Court further notes that the FAAAA was amended by the ICC Termination Act of 1995 ("ICCTA"). Thus, while different courts may refer to the relevant federal law as the ADA, the FAAAA, or the ICCTA, the same analytical framework applies, and the Court uses only the FAAAA acronym in this order for ease of reference, unless otherwise indicated.

> a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or *service* of any motor carrier . . . or any motor private carrier, *broker,* or freight forwarder *with respect to the transportation of property*.

49 U.S.C. § 14501(c)(1) (emphasis added). In turn, the term "transportation" includes:

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
>
> (B) *services related to that movement, including arranging for*, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

49 U.S.C. § 13102(23) (emphasis added).

In addressing preemption under the FAAAA, the Supreme Court has stated that "[t]he phrase 'related to' . . . embraces state laws 'having a connection with or reference to' carrier 'rates, routes, or services,' whether directly or indirectly." *Dan's City,* 133 S. Ct. at 1778. (citations and certain internal quotation marks omitted). However, the FAAAA "does not preempt state laws affecting carrier prices, routes, and services 'in only a tenuous, remote, or peripheral . . . manner.'" *Id.* (citation omitted). The Court "must examine the underlying facts of each case to determine whether the particular claims at issue 'relate to' [the broker's] rates, routes or services." *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (interpreting the ADA). The state "'law must relate to carrier rates, routes, or services either by expressly referring to them, or by having a significant economic effect on them.'" *Nationwide Freight Sys., Inc. v. Ill. Commerce Comm'n*, 784 F.3d 367, 373-74 (7th Cir. 2015) (quoting *Travel All Over the World*, 73 F.3d at 1432). Moreover, "it is not sufficient that a state law relates to the 'price, route, or service' of a [broker] in any capacity; the law must also

concern a [broker's] 'transportation of property.'" *Dan's City*, 133 S. Ct. at 1778-79. "[F]ederal preemption is an affirmative defense upon which the defendants bear the burden of proof." *Georgia Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857, at *3 (N.D. Ill. Oct. 26, 2017) (internal citations omitted).

It is clear from the parties' briefs and the Court's independent research that there is authority supporting both sides of the preemption issue with respect to the negligent hiring claim. However, while other cases might be instructive, they do not dictate a specific result, as the Seventh Circuit has cautioned against "develop[ing] broad rules concerning whether certain types of common-law claims are preempted by the [FAAAA]." *Travel All Over the World,* 73 F.3d at 1431. Instead, as noted, the Court "must examine the underlying facts of each case to determine whether the particular claims at issue 'relate to' [broker] rates, routes or services." *Id*.

With respect to the negligent hiring claims against Robinson, the SAC contains the following relevant allegations:

> 35. That for the fiscal year ending 2014 CH Robinson filed a form 10-K with the United States Securities and Exchange Commission describing their business as:
>
>> 'We are a service company. We provide freight transportation services and logistics to companies of all sizes, in a wide variety of industries. * * * We have developed global transportation and distribution networks to provide transportation and supply chain services worldwide. * * * As a third-party logistics provider, we enter into contractual relationships with a wide variety of transportation companies, and utilize those relationships to efficiently and cost-effectively transport our customers' freight. . . . Depending on the needs of our customer and their supply chain requirements, we select and hire the appropriate transportation for each shipment.'

36. That despite all of the publicly available information showing that Antioch Transport, Inc. was an unsafe company on July 1, 2014, the CH Robinson Defendants executed a carrier agreement with Antioch Transport, Inc. to provide them loads to haul in interstate commerce for Robinson customers.

37. That CH Robinson's carrier agreement with Antioch Transport, Inc. placed safety requirements on Antioch to ensure that its drivers are properly trained and licensed, are competent and capable of safely handling and transporting Robinson's shipments, and that drivers would be dispatched in accordance with the maximum available hours of service rules promulgated by the FMCSA [Federal Motor Carrier Safety Act] while operating in the United States. Robinson also required that Antioch maintain their equipment for use in hauling Robinson loads in good operating condition and repair and in compliance with all Federal, State, Provincial/Territorial, Municipal statutes and/or regulations so that it is suitable and properly configured to safely load, transport, and unload the shipments tendered by Robinson.

(SAC, Dkt. # 191, ¶¶ 35-37.)

The SAC further alleges that it was Robinson's corporate policy to not, among other things:

- Order or review carrier safety information before hiring any motor carrier to haul their loads.

- Ask any motor carrier to provide their 'Company Safety' report or any other available carrier or safety data.

- Ask any motor carrier to provide any information demonstrating that their drivers were actually properly trained or licensed, or competent and capable of safely handling and transporting shipments.

(*Id*. ¶¶ 41-42.)

Finally, the SAC alleges that Robinson had a duty to ensure that its drivers would not create a risk of injury, had a duty of reasonable care in selecting and hiring commercial drivers,

5

and "had an obligation to comply with the FMSCA and the FMCSRs [Federal Motor Carrier Safety Regulations] in all respects, at all times relevant." (*Id*. ¶¶ 118-120.)

As used in the FAAAA, "[t]he term 'services' is . . . broad, encompassing 'all elements of the [motor] carrier service bargain.'" *Midwest Trading Grp., Inc. v. GlobalTranz Enters., Inc.*, No. 12 C 9313, 2015 WL 1043554, at *3 (N.D. Ill. Mar. 5, 2015) (citation omitted). A straightforward reading of Plaintiff's allegations demonstrates that the negligent hiring claims relate to the core service provided by Robinson – hiring motor carriers to transport shipments. *See Georgia Nut Co.*, 2017 WL 4864857, at *3 ("While the services of a freight broker do not include the actual transportation of property, they are focused on arranging how others will transport the property; these services, therefore, fall within the scope of the FAAAA preemption.").

Further, in alleging that Robinson has failed to adequately and properly perform its primary service, the negligent hiring claim directly implicates how Robinson performs its central function of hiring motor carriers, which involves the transportation of property. Therefore, because enforcement of the claim would have a significant economic impact on the services Robinson provides, it is preempted. *Id*. ("Enforcing state negligence laws that would have a direct and substantial impact on the way in which freight brokers hire and oversee transportation companies would hinder th[e] objective of the FAAAA[,]" which "does not allow courts to impute state-law derived rights into transportation agreements," with the result of "expand[ing] the bargained-for rights of the agreement.").

Plaintiff argues that because her claim involves personal injury and not damage to property, the claim is not preempted. It is true that certain courts have found that negligence

claims seeking relief for personal injury are not preempted. *See, e.g., Mann v. C.H. Robinson Worldwide, Inc.*, Nos. 16 C 102, 16 C 104 & 16 C 140, 2017 WL 3191516, at **7-8 (W.D. Va. July 27, 2017) (concluding that negligent hiring claim based on injuries sustained in truck accident not preempted) (citing *Montes de Oca v. El Paso-L.A. Limo Express, Inc.*, No. 14 C 9230, 2015 WL 1250139 (C.D. Cal. Mar. 17, 2015) (holding FAAAA did not preempt personal injury claim against transportation broker); *Owens v. Anthony*, No. 2:11-cv-33, 2011 WL 6056409, at *3 (M.D. Tenn. Dec. 6, 2011) ("The Court agrees with the numerous courts which have found that personal injury negligence claims are not preempted by the FAAAA."); *Jimenez-Ruiz v. Spirit Airlines, Inc.*, 794 F. Supp. 2d 344 (D.P.R. June 16, 2011) (concluding that plaintiff's claim for personal injuries sustained while disembarking an aircraft was not preempted by the ADA)).

The Court, however, respectfully disagrees with the analyses of these courts to the extent that they do not faithfully apply the preemption analysis established by the Supreme Court, as described above. In essence, Plaintiff contends that a proper application of the preemption analysis should be disregarded in a case where the plaintiff is seeking relief for personal injury. (Pl.'s Reply, Dkt. # 199, ¶ 7) ("In this case, the plaintiff is the trustee of the estate of her dead husband who was traveling on I-80 when a driver [hired by] Robinson fell asleep and drove into oncoming traffic causing the subject collision. . . . Alex Volkov did not bargain for the possibility of a horrific death caused by the negligent defendants but that is what he received."). The Court recognizes the devastation caused by the accident and certainly sympathizes with Plaintiff. Nevertheless, the Court cannot ignore the straightforward preemption analysis as laid out by the Supreme Court, and finds instructive the analysis in *Rowe v. New Hampshire Motor*

*Transportation Association*, 552 U.S. 364 (2008). In *Rowe*, the Supreme Court found preempted Maine statutes regulating the delivery of tobacco products in spite of the State's argument that the laws were enacted in an "effort[] to protect its citizens' public health, particularly when those laws regulate so dangerous an activity as underage smoking." *Id*. at 373-74. The Supreme Court concluded that "[d]espite the importance of the public health objective, we cannot agree with Maine that the federal law creates an exception on that basis exempting state laws that it would otherwise pre-empt." *Id.* at 374. The Court finds no ground in the instant case on which to depart from this reasoning.

Contrary to Plaintiff's argument that a finding of preemption leaves her without a remedy, she may and has sought recourse against the carrier, Antioch, and its driver, Nguyen. Nor is Plaintiff's reliance on § 14501(c)(2)(A), which provides that the FAAAA "shall not restrict safety *regulatory* authority of a State with respect to *motor vehicles*," persuasive. *Id*. (emphasis added). Plaintiff points to no convincing authority supporting the proposition that a state common law claim for negligent hiring constitutes a safety regulation of a motor vehicle.

**Conclusion**

For the reasons stated herein, the Court finds that the negligent hiring claims against the Robinson defendants are preempted, and grants Robinson's motion to dismiss those claims against it.

**Date**: February 7, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**

8